## EX PARTE JOE ABRAM.

*No. 840.    Decided December 5.*

1. **City Ordinances in Towns of Less than One Thousand Inhabitants—Sunday Law.**—The city council of a town of less than 1000 inhabitants, which had been incorporated under the general law, enacted into an ordinance the Sunday law, as contained in articles 186 and 186a, Penal Code. *Held*, the ordinance was valid, and could be enforced in a proceeding, instituted before the mayor, for its violation. *Held, further,* that without the enactment of such ordinance, the mayor would unquestionably have jurisdiction to hear and determine violations of the Sunday law within the limits of the corporation, under provisions of article 528 of the Revised Statutes.

2. **Cases Distinguished.**—The cases of Ex Parte Grace, 9 Texas Criminal Appeals, 381, and Flood's case, 19 Texas Criminal Appeals, 584, distinguished.

APPEAL from the County Court of Angelina. Tried below before Hon. J. T. MARONEY, County Judge.

The opinion states the case.

*Mantooth & Townsend,* for relator.

*R. L. Henry,* Assistant Attorney-General, for respondent.

HURT, PRESIDING JUDGE.—Relator filed his petition before the county judge of Angelina County, stating that he was illegally restrained of his liberty by the mayor and marshal of the town of Lufkin, by virtue of a warrant of arrest issued out of the Mayor's Court, which was based upon a certain affidavit made before said mayor, on the 29th of January, 1894, charging said relator with being a dealer in goods, wares, and merchandise, and as such selling on Sunday, the 29th of January, five drinks of whisky to affiant, one J. M. Sonier, in said town of Lufkin. It was further alleged, that the said town of Lufkin was incorporated under the general law relating to towns of less than 1000 inhabitants, and that the said town had no right to pass any ordinance forbidding the sale of intoxicating liquors; and praying to be released from custody of said marshal.

In the return to the writ the marshal of the town attaches the affidavit upon which the warrant was issued. The petition was dismissed, and relator appealed.

The single proposition contended for is, that the town council of Lufkin had no authority to adopt an ordinance prohibiting any merchant or dealer from selling on Sunday.

The ordinance in question is but the Sunday law enacted into an ordinance (Penal Code, articles 186, 186a), and there is no question here presented of any conflict between the ordinance and the statutes of the State, as in the cases of Ex Parte Grace, 9 Texas Criminal Appeals, 381; Flood's case, 19 Texas Criminal Appeals, 584; and Bohmy's case, 21 Texas Criminal Appeals, 597.

In the Grace case, this court held an ordinance compelling citizens to work streets, subject to a fine in default thereof, was void, because the charter had provided for taxation upon property for the improvement of streets, and the right to place other burdens on the shoulders of the citizens should be plainly given. Ex Parte Campbell, 22 S. W. Rep., 1020. So in Flood's case, the ordinance of the city of Tyler allowing merchants to sell goods on Sunday before 9 o'clock a. m. and after 4 o'clock p. m. was held void, as being in direct conflict with article 186 of the Penal Code. We can see no possible objection to the ordinance in question. Even if no ordinance existed, the mayor would unquestionably have jurisdiction to hear and determine this

case under the Revised Statutes, article 528. And if the board of aldermen deemed it proper, for the peace and good order of the town, that the Sunday law should be specially enforced in the town of Lufkin, it had the authority, under article 520 of the Revised Statutes, to adopt the ordinance in question.

*Affirmed.*

Judges all present and concurring.